Tommy **McKENZIE** and Harry Setzer, t/a Tom's Marine Service, a partnership Libelants,

v.

THE G/S JIM–JET II, her engines, tackle, apparel, and furniture, Jim DeBerry and Jeannette DeBerry, Claimants-Respondents, and Al Martin, Intervening Libelant.

No. 374.

United States District Court
E. D. North Carolina,
Wilmington Division.

Sept. 2, 1955.

Rountree & Rountree, Kellum & Humphrey, Wilmington, N. C., for libelants.

Heman H. Higgins, Jr., Georgetown, S. C., for claimants-respondents.

James C. Bowman, Southport, N. C., for intervening libelant.

GILLIAM, District Judge.

In this libel against the Jim-Jet II for supplies and services furnished, counsel in their briefs agree that the only question involved is whether under the evidence a maritime lien existed so as to afford jurisdiction of the libel. The claimants-respondents (hereinafter called "owners") originally contended that the work was not performed in a satisfactory and workmanlike manner, and also alleged a counterclaim because, as they say, the work was not consummated on the date specified. These contentions seem now to have been abandoned, but, however this may be, I hold with libelants in each instance. The evidence shows that the work was performed in a satisfactory manner, and, so far as the counterclaim is concerned, the evidence does not establish that any definite date was set for completion of the work, and, besides, the libelants were on no notice of damages that might result from undue delay in furnishing the repairs and service to the libeled vessel, which was ordinarily used by the owners for pleasure rather than for commercial purposes. Nor was there proof of such damages.

Libelants, partners, who operate a small boat service business in Charlotte, N. C., upon order of Jim F. DeBerry and Jeannette DeBerry, owners of The Jim-Jet II, a pleasure yacht, performed and furnished certain work and services upon parts and material, and in addition furnished certain supplies to the Jim-Jet II,

as set out in the libel. All the materials serviced and all supplies involved were eventually delivered aboard the Jim-Jet II or to the owners for such delivery, with the exception of two sets of hardware for yacht chairs, and at time of the filing were aboard the vessel. These items are listed in the account at $8 each. Libelants concede that they are not entitled to a lien for these items, but insist they are entitled to a maritime lien under Sec. 971, Title 46, U.S.C.A., for the balance of $430.56, as of August 28, 1953.

The contract for services and supplies was entered into at Charlotte, N. C., while the Jim-Jet II was docked at Morehead City, N. C., approximately 350 miles away. The agreement that the services and supplies were for use on the Jim-Jet II was definite and a photograph of the vessel was shown to libelant during the negotiations; but at no time did the libelants see the vessel itself.

Sec. 971 reads: "Any person furnishing repairs, supplies * * * or other necessaries, to any vessel * * * upon the order of the owner * * * shall have a maritime lien on the vessel * * and it shall not be necessary to allege or prove that credit was given to the vessel."

■ Libelants urge that under the last clause of the section it is no longer necessary that, as a basis for the lien, credit be given to the vessel, and owners urge that the clause only shifts the burden of proof. I think the latter view is correct. The defiance, D.C., 3 F.2d 48, and other cases, as well as text writers, announce this rule. In The Defiance, at page 51, it is stated: "The effect of the statute avoids the necessity of proof that credit was given to the vessel. It does not, however, bar proof that the supplies or equipment were furnished on the credit of the owner alone, and it cannot be doubted that in the latter case no lien exists. If this be correct, it would follow, necessarily, that a decision of the question depends upon the facts." Thus a question of fact arises and the owners have the burden of showing that the furnishing was upon the credit of the owners alone.

■ The owners depend upon certain answers made by one of the libelants, such as the answer to counsel's question or statement: "You were dealing with Mr. DeBerry on his personal credit?" The witness answered: "For parts that went on the Jim-Jet II." In my opinion, the statements made by the witness, fairly considered, are not sufficient to carry the burden placed on the owners. True, it must be, that credit was extended to the owners, as the vessel was 350 miles away, but libelants knew as little about the financial responsibility of DeBerry as they did about the vessel which they had not seen. It is reasonable to infer that libelants knew that, generally speaking, a maritime lien arises under the statute for supplies and services furnished to a vessel upon the order of the owner, and quite unreasonable to believe that they intended without reason or consideration to forego this protection particularly when dealing with one whose ability to pay had not been made to appear to them and who furnished no security.

In American Jurisprudence, Vol. 48, Shipping, Sec. 557, in announcing support of the rule against a lien where the repairs and supplies are made entirely upon the credit of the owner, these observations appear: "It is not necessary to the existence of the lien that there should have been in terms any express pledge of the vessel, or any stipulation that the credit shall be given on her account."

■ There is a reasonable presumption to this effect, as the statute affords it, and such presumption should not be repelled by any loose or uncertain testimony as to the suppositions or understandings of the parties. Before libelants are denied a right expressly given by the statute, and which accrues to them even in the absence of specific reference to it, it seems to me it should clearly appear that they intended to forego such right.

In my opinion, delivery to the owner for purpose of delivery to the vessel, which followed, constitutes a furnishing to the vessel as much so as if delivery had been made on board or at side of the vessel. The Denelfrd, D.C., 59 F.2d 213.

A decree accordingly will be entered.